**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10377 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-01363-SRB-1 |
| v. | |
| INDALECIO CASTRO-PONCE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted September 9, 2014
San Francisco, California

Before: REINHARDT, GOULD, and BERZON, Circuit Judges.

Indalecio Castro-Ponce ("Castro-Ponce") was convicted of conspiracy to

possess methamphetamine with intent to distribute and two counts of possession of

methamphetamine with intent to distribute. At sentencing, the district court

imposed sentencing enhancements after finding that Castro-Ponce played a

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

leadership role in the drug conspiracy and obstructed justice.[1]  Castro-Ponce

appeals, arguing that: (1) there was insufficient evidence to support his

convictions; and (2) the sentencing enhancement for playing a leadership role was

error.[2]  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

## I

In assessing the sufficiency of the evidence, we first construe the evidence in

the light most favorable to the prosecution, and then ask whether "'*any* rational

trier of fact could have found the essential elements of the crime beyond a

reasonable doubt.'"  *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir.

2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  Under

that standard, there is sufficient evidence to sustain the conspiracy conviction: The

testimony regarding suspicious trips and meetings, the wiretapped conversations,

and Castro-Ponce's own statement that he was guilty all support findings of an

agreement to accomplish an illegal end (possession and distribution of

methamphetamine), and the intent to carry out that end.  *See United States v.

Duenas*, 691 F.3d 1070, 1085 (9th Cir. 2012). A jury is free to conclude that an

---

[1] The parties are familiar with the facts of this case, so we will not recount them here.

[2] We vacate the obstruction of justice enhancement in an opinion filed concurrently with this memorandum.

agreement existed from circumstantial evidence. *United States v. Reed*, 575 F.3d 900, 924 (9th Cir. 2009). A rational jury could have inferred Castro-Ponce's intent to deliver methamphetamine from his trips to locations where money and methamphetamine were found in the immediate aftermath of his departure.

The evidence underlying the possession convictions is similarly sufficient for those convictions to stand. The same evidence underlying the conspiracy conviction supports both an inference that Castro-Ponce had knowledge that he possessed methamphetamine and an inference that he intended to deliver it. *See Duenas*, 691 F.3d at 1083 (identifying knowing possession and intent to deliver as the elements of possession with intent to distribute). Possession itself can be actual or constructive. *Id.* at 1084. The ample evidence of his involvement in a distribution conspiracy permits a rational jury to infer that Castro-Ponce either actually possessed the drugs that were found, or participated in a joint venture in which he shared authority to exercise dominion and control over the drugs. *Id.* (citation omitted).

## II

A district court's finding that a defendant was an organizer or leader in a criminal activity under U.S.S.G. § 3B1.1(c) is reviewed for clear error. *See United States v. Yi*, 704 F.3d 800, 807 (9th Cir. 2013).

In this case, the government introduced specific evidence from its wiretaps that Castro-Ponce relayed instructions to his son, directed him to collect proceeds, and told his wife to tell his son to collect proceeds. The district court's conclusions that this evidence related to drug activity and that Castro-Ponce led or organized that criminal activity were not clearly erroneous. *See United States v. Kubick*, 205 F.3d 1117, 1120–21, 1127 (9th Cir. 1999).

**AFFIRMED.**